AMELIA E. ALLISON, as Executrix, etc., of MORRIS ALLISON, Deceased, Plaintiff, *v.* BROOKLYN TRUST COMPANY, Defendant.

Supreme Court, Kings County, September 8, 1932.

*Herbert S. Vogel*, for the motion.

*Cullen & Dykman*, opposed.

CUFF, J.   Action by executrix to require defendant to turn over $2,234.74 on deposit with defendant at the time decedent died. The denials in the answer raise no issue.   Six affirmative defenses are pleaded, however, which surround an agreement between decedent and the bank.   Among other things, decedent, in writing, agreed that, if he became insolvent or if any representation made in the agreement were untrue, defendant could accelerate the due date — April 21, 1932 — of a note made by decedent for $2,500, and negotiated at that time.   Decedent died March 12, 1932, before maturity of the note.   Defendant, on March 31, 1932, applied the $2,234.74 to the indebtedness.   Plaintiff, in her capacity as executrix of decedent, demands the deposit, claiming that defendant had no right to prefer itself as a creditor.

It is admitted that decedent was insolvent at the time of his death.   His debts were $18,000, his assets $11,000.   In the agreement with defendant, dated January 5, 1932, decedent listed his debts at $52,563, his assets $182,721.12.   He may not have misrepresented in that statement, but there should be some explanation of a dissipation of over $130,000 between January fifth and March fourteenth, before a court could be justified in directing summary judgment.   Then again, in the statement three parcels of realty are listed as belonging to him.   He appraised them at $124,000, subject to $39,000 in mortgages.   When he made that representation, these parcels were not of record in his name.   It may be that he held unrecorded deeds, but that too requires explanation from his representative.   Plaintiff argues that, when defendant loaned the money, it assumed the risk that decedent might become insolvent, and decedent having died before maturity of the note, defendant's claim became one against the estate as an ordinary creditor.   It is difficult to follow plaintiff in this line of reasoning, because it leads directly to injustice.   *Paoli* v. *East River National Bank* (92 Misc. 153) seems to be some authority for the action taken by the bank.   In any event, a court of equity should furnish some relief for the defendant, since it appears from the transcript of decedent's bank account that the very money that the executrix wants is the defendant's own $2,500 which it loaned decedent on March 7, 1932.   He had not withdrawn all of it at the time of his death.   Summary judgment cannot be ordered.   There should be a trial.

Motion denied.